# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MEMSMART SEMICONDUCTOR CORP., § § § | |
| Plaintiff, § § | CASE NO. 2:14-CV-1107-JRG |
| v. § § | |
| AAC TECHNOLOGIES PTE. LTD., ET AL., § § | |
| Defendants. § § | |

## ORDER

Before the Court is the Motion to Stay or in the Alternative to Transfer ("Mot.") (Dkt. No. 33) filed by Defendant Akustica, Inc. ("Akustica"). Plaintiff MemSmart Semiconductor Corp. ("MemSmart") opposes this motion.

## BACKGROUND

In the present case, Akustica filed its petition for *Inter Partes* Review ("IPR") on the only patent in the case, U.S. Patent No. 7,829,364 ("the '364 Patent"), on August 5, 2014. MemSmart subsequently filed this case on December 11, 2014. Akustica's petition for IPR was granted by the Patent Trial and Appeals Board ("PTAB") on February 4, 2015. Akustica filed this opposed motion for stay based on the institution of the IPR on May 29, 2015.

On April 10, 2015, this Court entered a Docket Control Order ("DCO") setting the following important deadlines: the *Markman* hearing was set for October 20, 2015; the deadline to complete fact discovery was set for November 20, 2015; and a trial date was set for April 11, 2016.

## APPLICABLE LAW

The district court has the inherent power to control its own docket, including the power to stay proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Management of the court's docket requires "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. In striking that balance, courts typically consider three factors: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify issues in question and trial of the case, and; (3) whether discovery is complete and whether a trial date has been set. *Soverain Software LLC v. Amazon.com, Inc.*, 356 F.Supp.2d 660, 662 (E.D. Tex. 2005) (citations omitted). "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on those factors." *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-CV-00081, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006).

## ANALYSIS

### I.     Prejudice or Tactical Disadvantage

Turning to the first factor, the Court acknowledges that a patent holder has "an interest in the timely enforcement of its patent right." *Ambato Media, LLC v. Clarion Co., Ltd.*, 2:09-cv-242-JRG, 2012 WL 194172, at *1 (E.D. Tex. Jan. 23, 2012). To this point, MemSmart argues that, including potential appeal of any PTAB decision to the Federal Circuit, the entire IPR proceeding could take anywhere between 2-4 years. (MemSmart's Response in Opposition to Akustica's Motion to Stay or in the Alternative to Transfer Venue ("Resp."), Dkt. No. 35, at 3). However, in this case, Akustica is seeking a 9-month (from filing) stay—until February 2016—rather than the two to four years identified by MemSmart. (Akustica's Reply in Support of its Motion to Stay or, in the Alternative, to Transfer ("Repl."), Dkt. No. 36, at 3). MemSmart also

argues that its "business model depends, in part, upon licensing its patents and protecting itself from would be infringers." (Resp. at 3). MemSmart further argues that its "ability to effectively grant those licenses depends greatly on its ability to enforce its patents and to protect the markets for its licensees' and customers' products by excluding infringers." Finally, MemSmart argues that a stay will deny MemSmart its chosen forum and will potentially cause the evidence to become stale. (*Id.* at 4). The Court also observes that Akustica filed its petition more than four months before MemSmart filed suit. Importantly, there is no indication here that Akustica has gamed the system created by the Leahy–Smith America Invents Act by treating the IPR process as a "second bite at the apple" rather than the alternative to district court litigation that Congress intended. Notwithstanding the importance of the considerations raised by MemSmart, the Court finds that this factor weighs in favor of granting the motion to stay.

**II.    Issue Simplification**

Turning to the second factor, Akustica argues that the IPR will simplify the issues by potentially invalidating the asserted claims or by providing a helpful record from the IPR with regards to claim construction, claim scope, and prior art teachings. (Mot. at 7-8). MemSmart responds by arguing that the IPR will not meaningfully reduce the issues before the Court because of the existence of a related case filed recently against AAC Technologies Pte. Ltd. ("AAC") involving the asserted patent.[1] Based on the common patent, MemSmart appears to assume that the cases will be consolidated and argues that the IPR will not simplify the issues because "a substantial number of claims in all but one asserted patent will inevitably survive." (Resp. at 5). MemSmart further argues that the "parties and the Court have expended substantial efforts to negotiate and enter a consolidated Scheduling Order that contains common deadlines

---

[1] AAC was voluntarily dismissed from this case on April 3, 2015. (Dkt. No. 23). MemSmart subsequently filed a new case against AAC on April 21, 2015, where it asserted the sole patent in this case and three additional patents. *See* Dkt. No. 1 in Case No. 2:15-cv-531.

for discovery, claim construction, and dispositive motions." The Court notes that the "related case" MemSmart refers to has not been consolidated into the present case, nor has any request for consolidation been made by any of the parties in either case. Further, the Court notes that no docket control order has been entered in the "related case." Accordingly, the Court finds that this factor is neutral.

### III. Discovery and Trial date

Turning to the third factor, the Court is persuaded that the posture of this case weighs in favor of granting a stay. Though MemSmart correctly argues that the case has been pending for seven months, MemSmart did not serve Akustica until March 11, 2015 and the docket control order was not entered in this case until April 10, 2015. Given the relatively early stage of this case at present, the Court finds that this factor weighs in favor of granting a stay.

### CONCLUSION

After considering the above factors, the Court finds the requested stay in this case is appropriate. Accordingly, the Court **GRANTS** the Defendant's motion (Dkt. No. 33) and **STAYS** this case in all respects until February 29, 2016. The parties shall file a joint status report describing the state of this dispute and all related matters within seven (7) days of the date the stay is lifted (or otherwise expires) in this case.

**So ORDERED and SIGNED this 10th day of July, 2015.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE